UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                        Chapter 11

**WHITEHORSE 401 LLC**,                                      Case No. 24-42466 (ESS)


                                             Debtor.
-----------------------------------------------------------x

## MOTION OF UNITED STATES TRUSTEE TO DISMISS CHAPTER 11 CASE

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this motion for an order (the "Motion"), pursuant to 11 U.S.C. § 1112(b) and 11 U.S.C. § 105(a), dismissing the chapter 11 case of **Whitehorse 401 LLC** (the "Debtor").

## PRELIMINARY STATEMENT

This chapter 11 case must be dismissed as an unauthorized filing as it was filed without proper authorization from the owner of the corporate entity. According to its corporate documents, the Debtor's sole principal is Yechiel Rivlin. Mitchel Steiman, however, signed the Petition and Schedules and appeared on behalf of the Debtor at multiple section 341(a) meetings of creditors to provide testimony as to the affairs of the Debtor. While a corporate resolution authorizing Mitchel Steiman to act on behalf of the Debtor has been filed, *ECF Doc. No. 25*, it is *signed* by Steiman rather than Rivlin, who appears to be the sole owner of the Debtor. Mr. Steiman, therefore, lacks corporate authorization to act on the Debtor's behalf and inappropriately signed the Petition and Schedules that initiated the filing of this case. It should further be noted that another individual, Isaac Taub, attempted to appear on behalf of the Debtor without independent verification that he is authorized to do so. Given that the case was initiated by an individual without corporate authorization to file bankruptcy on the Debtor' behalf, there is cause to dismiss the chapter 11 bankruptcy case under section 1112(b)(4). Furthermore, the

1

Debtor has failed to file July and August 2024 monthly operating reports furnishing "cause" to dismiss the chapter 11 case pursuant to 11 U.S.C. § 1112(b)(4)(F).

## STATEMENT OF FACTS

**Background.**

1. On June 11, 2024 (the "Petition Date"), the Debtor commenced a case by filing a Chapter 11 Voluntary Petition for Small Business Non-Individual. ECF Doc. No. 1.

2. Mitchel Steiman signed the Petition on behalf of the Debtor. ECF Doc. Nos. 1, 22, Petition.

3. No committee has been appointed and the Debtor remains a Debtor is in possession. See Docket.

4. The Debtor designated itself as a single-asset real estate entity, with its only asset located at 401 White Horse Road, Vorhees, New Jersey 08043 (the "Property"). ECF Doc. No. 22, Amended Schedules. On the Schedules, the Property is valued at $3 million. Id. In addition, $55,355.64 in personal property is listed on the Schedules filed in this case. Id.

5. There is only one secured creditor listed on the Schedules with a claim in the amount of $3 million secured by the Property. Id.

6. The Schedules list $6,754,924.62 in unsecured claims.

7. To date, the July 2024 and August 2024 monthly operating reports have not been filed. See Docket.

**The Corporate Authorization.**

8. Michel Steiman not only signed the Petition, but also appeared on behalf of the Debtor at the adjourned 341(a) meeting of creditors ("July 25th Meeting of Creditors") on July

25, 2024[1]. ECF Doc. Nos. 1, 22, Petition; see also Declaration of Reema Lateef in Support of the Motion (the "Lateef Decl."), dated September 26, 2024, ¶ 2. Mr. Steiman stated that he was appointed by corporate resolution as a manager to appear on behalf of the Debtor to advise and assist on the bankruptcy case. Id. Mr. Steiman was allegedly appointed on June 11, 2024. ECF Doc. No 25. Upon information and belief, Steiman has no ownership interest in the Debtor.

9. A Corporate Resolution was filed on August 2, 2024, authorizing Mr. Steiman to act as "Restructuring Officer of the Company." ECF Doc. No. 25. However, the Resolution was signed by Mitchel Steiman. Id.

10. At the August 5, 2024, 341(a) meeting of creditors ("August 5th Meeting of Creditors"), the United States Trustee stated that the Corporate Resolution, *ECF Doc. No. 25*, is not effective and that an amended resolution must be filed by the Owner or any other individual with appropriate power to give Mitchel Steiman, or any other individual, authorization to act on behalf of the Debtor.[2] Lateef Decl., ¶ 3.

11. An Action by Written Consent of Member was filed on September 13, 2024, appointing Mitchel Steiman as "VP of Restructuring" authorizing Mr. Steiman to act in the bankruptcy case on behalf of the Debtor. ECF Doc. No. 29. However, the document is signed and dated by Mitchel Steiman as well. Id.

12. On August 30, 2024, the adjourned 341(a) meeting of creditors took place ("August 30th Meeting of Creditors")[3]. Lateef Decl., ¶ 4. At the August 30th Meeting of Creditors an individual, "Isaac Taub," appeared on behalf of the Debtor with the intention to

---

[1] A transcript of the Meeting of Creditors can be furnished upon request.
[2] A transcript of the 341 meeting of creditors can be furnished upon request.
[3] A transcript of the 341 meeting of creditors can be furnished upon request.

replace Mitchel Steiman. Id. Mr. Taub appeared as controller for the proposed CRO for the Debtor. Id.

13. On September 6, 2024, the Debtor filed an application to employ David Goldwasser of FIA Capital as Financial Advisory to the Debtor. ECF Doc. No. 27. The Engagement Agreement was signed on behalf of the Debtor by Alexander Ashkenazy. Id., Exhibit C.

14. The Operating Agreement of Whitehorse 401 LLC provided to the United States Trustee indicates that Yechiel Rivlin is the Sole Member and Principal of the corporate Debtor. Lateef Decl., ¶ 5; Exhibit A.

## LEGAL STANDARD

Section 1112(b) of the Bankruptcy Code provides, in part, that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . ." 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) lists sixteen examples for cause, which are nonexclusive. 11 U.S.C. § 1112(b)(4); see In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007); cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 case based upon a finding that the petition was filed in "bad faith" even without considering factors under section 1112(b)). A party need not

demonstrate that all the elements of "cause" can be met.  See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).

## ARGUMENT

### I.        The Debtor's Chapter 11 Case is an Unauthorized Corporate Filing.

The Debtor's Petition was signed by Mitchel Steiman, an individual not properly authorized to act on behalf of the Debtor.  The Court has wide discretion to dismiss a chapter 11 case for "cause." 11 U.S.C. § 1112.  Courts may "considers other factors [other than the non-exclusive list of causes provided] as they arise and use its powers to reach appropriate results in individual cases." In re Gonic Realty Tr., 909 F.2d 624, 626 (1st Cir. 1990).  Among those additional factors, most courts have ruled that a case may be dismissed for cause under section 1112(b) when the filing party lacks corporate authority to commence a bankruptcy case.  See In re Pinnacle Land Grp., LLC, 2018 Bankr. LEXIS 2764 at *17 (Bankr. W. Pa. 2018) (the Court concluded that an individual without any interest in the debtor has no requisite corporate authority to file a bankruptcy petition on behalf of the entity), *citing* Price v. Gurney, 324 U.S. 100, 106 (1945) (the Supreme Court held that those seeking to act for the corporation in filing a bankruptcy petition must have the actual authority at the time of filing and in the absence of such authority, the bankruptcy court must dismiss the petition); see also In re ComScape Telecomms., Inc., 423 B.R. 816, 829 (Bankr. S.D. Ohio 2010) (concluding that an unauthorized bankruptcy petition is fundamentally flawed, and the court must inherently dismiss the case).

In this case, the Debtor has failed to demonstrate that any individual other than the owner of the corporate entity, Yechiel Rivlin, has authority to act on its behalf.  See Lateef Decl., ¶ 3; see also Exhibit A.  Mitchel Steiman signed the Petition and Schedules and appeared on behalf of the Debtor at the July 25th Meeting of Creditors.  See ECF Doc. No. 1; see also Lateef Decl., ¶

2. However, there is no properly executed agreement signed by the owner of the corporate entity authorizing Mr. Steiman to appear on behalf of the Debtor. See ECF Doc. Nos. 25, 29. A Corporate Resolution and an Action by Written Consent of Member were filed *and* signed by Mitchel Steiman authorizing *him* to act on behalf of the Debtor. Id. (emphasis added). An individual cannot authorize himself to replace the principal of a Debtor. See In re Pinnacle Land Grp., LLC, 2018 Bankr. LEXIS 2764 at *22 (Only a person with an authorized interest in the Debtor can execute a written agreement permitting another individual to act on behalf of a debtor in a bankruptcy case). The person with *authority to act on behalf of a corporation*, namely, the owner and sole member of the entity should be signing and authorizing such documents. Id. (emphasis added), see also Exhibit A. Despite the deficient corporate resolutions filed, another individual named "Isaac Taub" appeared on behalf of the Debtor at the August 30th 341 Meeting of Creditors. See Lateef Decl., ¶ 4. No documents authorizing Mr. Taub to appear on behalf of the Debtor were filed. See Docket. Most recently, a retention application authorizing the retention of David Goldwasser as financial advisor to the Debtor was filed signed by "Alexander Ashkenazy," on behalf of the Debtor. ECF Doc. No. 27. Neither individual has ever appeared on behalf of the Debtor and are not authorized to act on behalf of the Debtor. See Docket. Therefore, given the lack of authorization for Mr. Steiman, to file the case on behalf of the Debtor, there is cause to dismiss the chapter 11 case forthwith pursuant to 11 U.S.C. § 1112(b).

II. **The Debtor's Chapter 11 Case Should be Dismissed Due to the Debtor's Failure to File Monthly Operating Reports.**

Failure to satisfy timely any filing requirement is cause to dismiss the chapter 11 under section 1112(b)(4)(F). The Debtor is required to file monthly operating reports for each month that the Debtor is in chapter 11. See E.D.N.Y. LBR 2015-1. The reports must be filed no later than the twentieth day of the following month. Id. The Debtor's failure to fulfill its fiduciary

obligations denies creditors access to important financial information regarding the Debtor's financial affairs. In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (The bankruptcy case was dismissed based, in part, due to the Debtor's failure to timely file operating reports); see also In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for over one year warranted dismissal).

The Debtor has failed to file operating reports for the months of July and August 2024. See Docket. Courts have held that "timely and accurate financial disclosure is the life blood of the Chapter 11 process." See In re Berryhill, 127 B.R. at 433. Filing monthly operating reports is "much more than busy work imposed" on a debtor-in-possession. Id. The Debtor's failure to timely file monthly operating reports demonstrates a disregard for its responsibilities as a debtor-in-possession. See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest, and straightforward disclosure to the Court and creditors). Additionally, the Debtor failed to attach bank statements to the June 2024 operating report preventing parties in interest from ascertaining the financial affairs of the Debtor. ECF Doc. No. 24. Thus, the Debtor's failure to timely file operating reports as established under E.D.N.Y. LBR 2015-1 has deprived the Court, the United States Trustee, and creditors of the ability to adequately monitor the case and warrants dismissal. See In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for over one year warranted dismissal); see also 11 U.S.C. § 1112(b)(F).

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      September 26, 2024

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Reema Lateef*

Reema Lateef, Esq.
Trial Attorney
Office of the United States Trustee
Eastern District of New York
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, New York 10004-1408
Tel. (212) 206-2580